UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MOBILE AGGREGATES RECYCLING
SERVICES, INC., a Pennsylvania
corporation,

                    Plaintiff,

vs.                                    Case No.  2:13-cv-42-FtM-29UAM

COLLIER AGGREGATES, LLC, a Florida
limited liability company, STREAK
INVESTMENTS, LLC, a Florida limited
liability company,

                    Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on defendants' Motion to Dismiss the Third Amended Complaint (Doc. #17) filed on March 18, 2013. Plaintiff filed a Response in Opposition (Doc. #18) on March 27, 2013.

Defendants seek dismissal of the Third Amended Complaint (Doc. #15) for improper venue pursuant to Fed. R. Civ. P. 12(b)(3). A motion to dismiss for improper venue, including one based upon a forum selection clause, may be brought pursuant to Federal Rule of Civil Procedure 12(b)(3). Lipcon v. Underwriters at Lloyd's, 148 F.3d 1285, 1290 (11th Cir. 1998). Although based on diversity jurisdiction, the case is subject to the federal statute governing venue, 28 U.S.C. § 1391. Stewart Org., Inc. v. Ricoh Corp., 810 F.2d 1066, 1068 (11th Cir. 1987). At this stage of the proceedings, the Court must accept all factual allegations in a

complaint as true and take them in the light most favorable to plaintiff.  Erickson v. Pardus, 551 U.S. 89 (2007).

On or about August 31, 2011, the parties[1] entered into an Excavation Agreement Addendum (Doc.#15-3, Exh. C) containing a "Venue and Dispute Resolution" under Article 11, which states as follows:

> The venue for any action brought to enforce the terms of this contract or the rights and obligations of the parties under applicable Florida law shall be in a court of competent jurisdiction in Collier County, Florida unless otherwise mutually agreed upon in writing by both parties to this agreement.

(Doc. #15-3, Exh. C, pp. 4-5.)  Defendants argue that venue is only proper in the state courts of Collier County, Florida because no federal courthouse is physically situated in Collier County, Florida.  Collier County, Florida, is one of six counties within the Fort Myers Division of the Middle District of Florida, but the "place of holding court" is in Fort Myers (Lee County).  M.D. Fla. R. 1.02(b)(5); 28 U.S.C. § 89(b).  Defendants rely upon the unpublished Eleventh Circuit decision in Cornett v. Carrithers, 465 F. App'x 841 (11th Cir. 2012).  In Cornett, the district court remanded the case based on the forum selection clause.  On appeal, the Eleventh Circuit found that the clause "the venue shall be

---

[1]Taking all allegations in the Third Amended Complaint as true, Streak Investments is the parent corporation and managing member of Streak Rocks I, LLC, a plurality owner of Collier Aggregates, LLC (Collier Aggregates).  The contract at issue was entered into between plaintiff and Collier Aggregates.  (Doc. #15, ¶¶ 17-18, 23.)

Suwannee County[,] Florida"[2], was mandatory due to its use of "shall", and that removal was improper because the Middle District of Florida district court located in the Jacksonville Division was physically located outside of Suwannee County, Florida. Similarly, in Global Satellite Commc'n Co. v. Starmill U.K. Ltd., 378 F.3d 1269, 1271 (11th Cir. 2004), a published decision, the Eleventh Circuit found that the forum selection clause "[v]enue shall be in Broward County, Florida" required litigation in Broward County, Florida, but that it was not specific to state or federal court because there is a federal courthouse in that county. See also Alliance Health Group LLC v. Bridging Health Options LLC, 553 F.3d 397 (5th Cir. 2008).

This case was filed in Lee County, Florida and the forum selection clause provides that venue "shall" be "in a court of competent jurisdiction in Collier County" unless otherwise mutually agreed upon. (Doc. #15-3, p. 4)(emphasis added). There is no agreement otherwise, and the Court finds that "in Collier County" is a mandatory geographic restriction. The case was therefore improperly filed in the federal court in Lee County, Florida.

Accordingly, it is now

**ORDERED**:

Defendants' Motion to Dismiss the Third Amended Complaint (Doc. #17) is **GRANTED** and the case is dismissed without prejudice

---

[2]Id. at 842 (alteration in original).

for improper venue.   The Clerk shall terminate all deadlines and motions as moot, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __10th__ day of June, 2013.


_____
JOHN E. STEELE
United States District Judge


Copies:
Counsel of record